UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSEPH CHRIS ZORN,

Plaintiff,

v.   6:09-cv-81

PRINCIPAL LIFE INSURANCE COMPANY,

Defendant.

## ORDER

### I. INTRODUCTION

On January 12, 2012, this Court granted Plaintiff Joseph Chris Zorn's ("Zorn") motion for summary judgment. *See* Doc. 90. The Court ordered the parties to brief the damages owed by Defendant Principal Life Insurance Company ("PLIC"). *See id.* at 16. Having considered the briefs, the Court orders the following.

### II. ANALYSIS

#### A. Accrued Benefits

A successful plaintiff in an ERISA case is entitled to recover the benefits due under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Zorn states that he is owed $172,000 in accrued benefits. *See* Doc. 93 at 2. PLIC takes no issue with this calculation. *See* Doc. 96 at 1. Accordingly, the Court *AWARDS* Zorn $172,000 in accrued benefits.

#### B. Pre-Judgment Interest

"[T]he award of prejudgment interest under ERISA is a matter committed to the sound discretion of the trial court . . . ." *Moon v. Am. Home Assurance Co.*, 888 F.2d 86, 89-90 (11th Cir. 1989).

"But in any event a trial court does not have unbridled discretion to deny the award. . . . '[T]he only way the wronged party can be made whole is to award him interest from the time he should have received the money.'" *Hembree v. Ga. Power Co.*, 637 F.2d 423, 430 (5th Cir. 1981) (citation omitted). Furthermore, "good faith is not a defense to the assessment of prejudgment interest." *Id.*

PLIC contends that the Court should deny Zorn's request for pre-judgment interest. First, PLIC points out that Zorn "delayed resolution of this case by, among other things, waiting more than two years to file his lawsuit following the final denial of his claim in August 2007." Doc. 96 at 3. PLIC argues that awarding pre-judgment interest has no deterrent value against wrongful conduct because PLIC had cause for denying Zorn's claim. *See id.* at 3.

Zorn, however, filed his suit nearly a year before the statute of limitations on his claim expired. *See* Doc. 90 at 11. Zorn has unilaterally moved for an extension of time before the judgment in this case only once. *See* Doc. 36. Because Zorn filed his action within the limitations period and prosecuted his case with reasonable promptness, the Court dismisses PLIC's arguments. Finding that prejudgment interest is necessary to make Zorn whole, the Court deems interest to be appropriate in this case.

Because ERISA is silent regarding the pre-judgment interest rates, a trial court acts within its discretion when it uses state law to calculate the pre-judgment interest rate. *See*

*Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.*, 41 F.3d 1476, 1484 (11th Cir. 1995). Therefore, this Court looks to Georgia's statutorily mandated post-judgment interest rate. *See Smith v. Am. Int'l Life Assurance Co. of N.Y.*, 50 F.3d 956, 957-58 (11th Cir. 1995) (approving use of Georgia law by analogy); *Kinser v. Plans Admin. Comm. of Citigroup, Inc.*, 2008 WL 762200, at *1 (M.D. Ga. Mar. 18, 2008).

The Georgia Code establishes the post-judgment interest rate as "the prime rate as published by the Board of Governors of the Federal Reserve System, as published in statistical release H.15 or any publication that may supersede it, on the day the judgment is entered plus 3 percent." O.C.G.A. § 7-4-12(a).

The January 12, 2012 prime rate was 3.25%. *See* Doc. 93-5 at 1. Thus, the interest rate the Court adopts in accordance with O.C.G.A. § 7-4-12(a) is 6.25%. Compounding the interest monthly on the accrued benefits due Zorn since December 18, 2004, the Court **AWARDS** Zorn $44,486 in pre-judgment interest. *See* Doc. 93-4 at 1.

### C. Attorney's Fees

"[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

Instead, district courts must consider any of five factors when deciding a motion for attorney's fees and costs under ERISA:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Florence Nightingale Nursing*, 41 F.3d at 1485. "[N]o one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address . . . ." *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001).

### 1. Culpability or Bad Faith

"Bad faith usually is accompanied by the presence of fraud or deceit. . . . Generally, courts will not find bad faith where the party had valid grounds on which to deny the claim." *Clarke v. Unum Life Ins. Co. of Am.*, 14 F. Supp. 2d 1351, 1357 (S.D. Ga. 1998) (internal citation omitted).

The Court finds no culpability or bad faith on PLIC's part. As the Court noted, "[t]his is a close case." Doc. 90 at 11. PLIC based its decision to terminate Zorn's benefits on testimony from Zorn's family, surveillance video, an independent medical

examination, and other reports about Zorn's involvement in his family's businesses. PLIC investigated Zorn for three years before terminating his benefits. *See id.* at 3, 7. Thus, the Court cannot say that PLIC acted with bad faith in terminating Zorn's benefits.

### 2. Ability of PLIC to Satisfy an Award

PLIC concedes that it has the means to satisfy an award of attorney's fees. *See* Doc. 96 at 8. This factor, however, "is weighed more for exclusionary than for inclusionary purposes." *Gribble v. CIGNA Healthplan of Tenn., Inc.*, 1994 WL 514529, at *4 (6th Cir. Sept. 20, 1994). Thus, this factor alone does little to convince the Court that a fee award is proper.

### 3. Deterrence Value

Awarding attorney's fees would not have any appreciable value in deterring wrongful plan administration. As stated *supra*, PLIC did not act in bad faith.

Furthermore, PLIC's reasons for terminating Zorn's benefits were peculiar to Zorn's situation. PLIC had reason to believe that Zorn was still fully capable of performing work for his businesses. *See* Doc. 90 at 14 (discussing Zorn's work for his companies). Thus, PLIC's investigation focused on Zorn and his particular interaction with those businesses. PLIC's decision to terminate was highly individualized and fact specific, and awarding fees in the face of such a decision would deter little future behavior. *See Stefansson v. Equitable Life Assurance Soc'y of the U.S.*, 2007 WL 988716, at *3 (M.D. Ga. Mar. 29, 2007) (finding no deterrence value where benefits determination "was a fairly individualized and fact-specific decision").

### 4. Significance of the Suit

Zorn sued only for his benefit. Moreover, Zorn's suit did not involve a significant or unique legal question. As explained *supra*, the outcome in this case has little deterrent value. Accordingly, this factor weighs in favor of PLIC.

### 5. Relative Merits

This Court has stated that "[t]his is a close case." Doc. 90 at 11. Although Zorn ultimately prevailed, evidence supported PLIC's decision to terminate his benefits. Thus, this factor also weighs against granting Zorn's request for attorney's fees.

Having considered all five factors, the Court *DENIES* Zorn's request for attorney's fees and costs.

## III. CONCLUSION

*THE COURT AWARDS ZORN $172,000 IN ACCRUED BENEFITS. THE COURT FURTHER AWARDS ZORN $44,486 IN PRE-JUDGMENT INTEREST. THE TOTAL AMOUNT THUS AWARDED TO ZORN IS $216,486.*

*THIS CASE IS CLOSED.*

This 28th day of February 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3